UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID LAWRENCE WILSON, ) | Case No. 2:13-cv-00207-PMP-PAL |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | (IFP App - Dkt. #1) |
| ) | |
| WALMART, et al., ) | |
| ) | |
| Defendants. ) | |

Plaintiff David Lawrence Wilson is proceeding in this action pro se, has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis, and submitted a complaint. *See* Application to Proceed In Forma Pauperis (Dkt. #1). This proceeding was referred to this court by Local Rule IB 1-9.

**I.    In Forma Pauperis Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the

/ / /

1  deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.
2  1995).

3        Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for
4  failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a
5  ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir.
6  2000).  A properly pled complaint must provide a short and plain statement of the claim showing that
7  the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544,
8  555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels
9  and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129
10 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as
11 true all well-pled factual allegations contained in the complaint, but the same requirement does not
12 apply to legal conclusions.  *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action,
13 supported only by conclusory allegations, do not suffice.  *Id.* at 1949.  Secondly, where the claims in the
14 complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.
15 *Twombly,* 550 U.S. at 570.

16       Plaintiff's Complaint attempts to invokes the court's diversity jurisdiction, and alleges a claim
17 against Walmart and Rossanna M. Alstead for an injury Plaintiff suffered.  He alleges that on February
18 10, 2011, he purchased ice cream at a Walmart store in Las Vegas, Nevada, and upon biting into the ice
19 cream, bit down on a piece of metal.  He alleges his teeth were damaged, and one tooth had to be
20 extracted.  Plaintiff makes no claims against Ms. Alstead, other than she is Walmart's insured.  Based
21 on the correspondence Plaintiff submitted with the complaint, it appears Ms. Alstead is actually an
22 account consultant with Specialty Risk Services, who is a third party administrator for Lucerne Foods,
23 Inc., the alleged manufacturer of the ice cream Plaintiff purchased.  *See* Complaint at 2, 14.

24       As a general matter, federal courts are courts of limited jurisdiction and possess only that power
25 authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Plaintiff has
26 not alleged federal jurisdiction exists in this case. Plaintiff's claims arise under state law, and no federal
27 question jurisdiction pursuant to 28 U.S.C. § 1331 exists.  Plaintiff has also not properly established the
28 court has diversity jurisdiction under 28 U.S.C. § 1332 because he has not alleged that the parties are

citizens of different states, or that he has damages in excess of $75,000.  Additionally, Plaintiff has not stated any factual allegations at all against Ms. Alstead.  Thus, Plaintiff's Complaint will be dismissed with leave to amend.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, the basis for the court's jurisdiction, as well as each claim, and the involvement of each defendant must be sufficiently alleged.

Based on the foregoing,

**IT IS ORDERED** that:

1. Plaintiff's request to proceed in forma pauperis is GRANTED.  Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars ($350.00).
2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.
3. The Clerk of the Court shall file the Complaint.
4. Plaintiff's Complaint is **DISMISSED** with leave to amend.
5. Plaintiff shall have until **July 3, 2013,** to file his amended complaint, if he believes he can correct the noted deficiencies.  The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety.  Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.
6. Plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED COMPLAINT" on page 1 in the caption, and Plaintiff shall place the case

/ / /

1  number, **2:13-cv-00207-PMP-PAL**, above the words "FIRST AMENDED"in the space for "Case No."

7. Plaintiff is expressly cautioned that if he does not timely file an amended complaint in compliance with this order, this case may be immediately dismissed.

Dated this 3rd day of June, 2013.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE