# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DAVID LAWRENCE WILSON,<br><br>                           Plaintiff,<br><br>vs.<br><br>WALMART, et al.,<br><br>                           Defendants. | Case No. 2:13-cv-00207-PMP-PAL<br><br>**ORDER AND REPORT OF FINDINGS<br>AND RECOMMENDATION** |

Plaintiff David Lawrence Wilson is proceeding in this action pro se. On June 4, 2013, the court entered an Order (Dkt. #2) granting Plaintiff's Application to Proceed In Forma Pauperis (Dkt. #1) and screening the Complaint (Dkt. #3) pursuant to 28 U.S.C. § 1915. The court found Plaintiff had not established or plead that this court had jurisdiction, and it dismissed the Complaint with leave to amend. Plaintiff filed an Amended Complaint (Dkt. #4), which the court will now screen.

Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544,

1  555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels
2  and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129
3  S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as
4  true all well-pled factual allegations contained in the complaint, but the same requirement does not
5  apply to legal conclusions.  *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action,
6  supported only by conclusory allegations, do not suffice.  *Id.* at 1949.  Secondly, where the claims in the
7  complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.
8  *Twombly,* 550 U.S. at 570.

9  Plaintiff's Amended Complaint attempts to establish the court has federal question jurisdiction
10 as a civil action arising out of the constitution, laws, or treaties of the United States.  No constitutional
11 provision, law or treaty is cited in support of his federal question jurisdiction allegation, and products
12 liability claims are generally state rather than federal.  However, the Amended Complaint contains
13 allegations that suggest the court may have diversity jurisdiction, and states that 28 U.S.C. Section 1332
14 "is the appropriate statute."  He alleges a claim against Safeway, Inc.; Lucerne Foods, Inc.; and
15 Bellevue Ice Cream plant for an injury occurring on February 10, 2011 when he purchased ice cream at
16 a Walmart store in Las Vegas, Nevada.  He claims that when he bit into the ice cream, it contained a
17 piece of metal which damaged his teeth, and one tooth had to be extracted.  Plaintiff alleges that
18 Walmart purchases its ice cream from Defendant Vons, whose corporate headquarters are in California.
19 Additionally, the Amended Complaint alleges that Lucerne Foods is the manufacturer of the ice cream
20 he purchased and incorporated in California. Finally, Plaintiff alleges the ice cream was manufactured
21 in Washinton state and that "[t]his incident occurred in the manufacturing process."  Plaintiff has not
22 alleged any facts about Defendants Safeway, Inc., or Bellevue Ice Cream plant.  The Amended
23 Complaint does not allege any of the claims against Walmart that Plaintiff made in his original
24 Complaint or allege Walmart's state of incorporation, and omits Walmart as a named Defendant in the
25 case caption.  However, the Amended Complaint states that Walmart sold the ice cream that injured
26 him and cites the Restatement of Torts for the general rule that sellers and retailers may be liable for
27 injuries caused by a defective product.
28 / / /

In order to state a claim for strict liability, Plaintiff must allege that his injury "was caused by a defect in the product, and that such defect existed when the product left the hands of the defendant." *Allison v. Merck & Co., Inc.,* 878 P.2d 948, 952 (Nev. 1994) (citing *Shoshone Coca-Cola Co. v. Dolinksi,* 420 P.2d 855, 858 (Nev. 1966)). The Nevada Supreme Court has also held that although manufacturers are not insurers of their products, where injury is caused by a defective product, responsibility lies with the manufacturer and distributor of the product, rather than on the injured consumer. *Id.* (citing *Stackiewicz v. Nissan Motor Corp.*, 686 P.2d 925, 928 (Nev. 1984)). Construing Plaintiff's pleading liberally, and accepting the allegations of the Amended Complaint as true, the court finds that he has stated a strict liability claim against Defendant Lucerne and Vons.

Based on the foregoing,

**IT IS ORDERED** that:

1. The Clerk of the Court shall file the Complaint and shall issue Summons to Defendants Lucerne Foods, Inc., and The Vons Company, Inc., and deliver the same to the U.S. Marshal for service. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285. Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120 days from the date this order is entered.

2. From this point forward, Plaintiff shall serve upon Defendants, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading motion or other document submitted for consideration by the court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the Defendants. The

court may disregard any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk which fails to include a certificate of service.

**IT IS RECOMMENDED** that Plaintiff's claims against Safeway, Inc., and Bellevue Ice Cream Plant be DISMISSED for failure to state a claim upon which relief can be granted.

Dated this 17th day of October, 2013.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE