UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DAVID LAWRENCE WILSON,

   Plaintiff,

v.

WALMART, et al.,

   Defendants.

2:13-cv-00207-PMP-PAL

ORDER

   Presently before the Court is Defendant The Vons Companies, Inc.'s ("Vons") Motion to Dismiss (Doc. #10), filed on November 21, 2013. Plaintiff David Lawrence Wilson ("Wilson") filed an Opposition (Doc. #13) on December 2, 2013, and Vons filed a Reply (Doc. #14) on December 6, 2013. Wilson also filed a Surreply (Doc. #16) on December 30, 2013.

   Also before the Court is Wilson's Motion to Add Safeway as a Defendant (Doc. #22), filed on January 13, 2014. Vons filed an Opposition (Doc. #24) on January 28, 2014. Wilson filed a Reply (Doc. #26) on February 11, 2014.

   Also before the Court is Wilson's Motion to Add Walmart as a Defendant (Doc. #23), filed on January 27, 2014. Vons filed an Opposition (Doc. #25) on February 7, 2014. Wilson filed a Reply (Doc. #27) on February 24, 2014.

   On April 21, 2014, the Court conducted a hearing regarding the foregoing motions.

## I. BACKGROUND

Wilson alleges that on February 10, 2011, he bit down on a piece of metal in some ice cream he purchased at a Walmart store. (First Am. Compl. ["Am. Compl."] (Doc. #4) at 2.) Wilson further alleges the piece of metal damaged his teeth, which required him to have a tooth surgically extracted. (Id. at 2-3.) Although he purchased the ice cream from Walmart, Wilson alleges that Defendant Vons distributes the ice cream to Walmart. (Id. at 1.) Wilson further alleges the ice cream was manufactured by Defendant Lucerne Foods, Inc. ("Lucerne"), and that the defect in the ice cream occurred in the manufacturing process. (Id.) Wilson asserts against Vons, Safeway, Lucerne, and Bellevue Ice Cream Plant ("Bellevue") a claim of products liability due to the alleged manufacturing defect. (Id. at 1-2.)

Magistrate Judge Leen screened Wilson's Amended Complaint and recommended Wilson's claims against Safeway and Bellevue be dismissed for failure to state a claim. (Order (Doc. #5) at 4.) The Court affirmed, dismissing Wilson's claims against Safeway and Bellevue. (Order (Doc. #7) at 1.) Additionally, although Wilson named Walmart as a defendant in his original Complaint, Wilson removed Walmart as a defendant in the Amended Complaint's caption and does not allege claims against Walmart as he did in his original Complaint. However, the Amended Complaint states Walmart sold the ice cream that injured Wilson and cites the general rule that sellers and retailers may be liable for injuries caused by a defective product. (Am. Compl. at 1.)

On November 1, 2013, the United States Marshal's Service served a copy of Wilson's Summons and Amended Complaint upon a woman named Penny Dietz ("Dietz") at Vons's corporate headquarters in California. (Process Receipt & Return (Doc. #8).) Vons now moves to dismiss, arguing Vons was not properly served with process and that Wilson fails to state a claim upon which relief can be granted. Wilson moves to add Safeway and Walmart as defendants.

**II. VONS'S MOTION TO DISMISS (Doc. #10)**

Federal Rule of Civil Procedure 12(b)(5) provides for the dismissal of a complaint due to insufficient service of process. Under Rule 4(m), if a defendant is not properly served within 120 days after the complaint is filed, the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." When service of process is challenged, the plaintiff bears the burden of establishing that service was valid under Rule 4. Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004).

A corporation may be served either "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," or in the manner prescribed by the state law in which the district court is located or where service is made. Fed. R. Civ. P. 4(h); 4(e)(1). Under the Nevada Rules of Civil Procedure, if the suit is against a corporation formed under Nevada law or registered to do business in Nevada, service may be accomplished by serving a registered agent or officer of the corporation. Nev. R. Civ. P. 4(d)(1). Alternatively, a corporation may be served by delivering a copy of the summons and complaint to the Nevada Secretary of State if service cannot be accomplished on a registered agent or officer of the corporation. Id.

Wilson has failed to meet his burden of showing he properly served Vons under Rule 4, Nevada law, or California law within 120 days. Although the United States Marshals served a copy of the Summons and Wilson's Amended Complaint on Dietz at Vons's headquarters, there is nothing in the record establishing that Dietz is an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process on behalf of Vons. Wilson could, and should, have served Vons via its registered agent in Nevada, The Prentice-Hall Corporation System, Nevada Inc. ("Prentice-Hall"). Although Wilson argues in his Surreply (Doc. #16) that Prentice-Hall is

not listed on the Nevada Secretary of State website as a registered agent of Vons, Vons attaches to its Motion a printout from the Secretary of State website with the relevant information about Prentice-Hall.  Further, although Wilson argues the only way to serve Vons is at its corporate headquarters in California, Wilson does not present any argument or legal authority demonstrating that the attempted service on Dietz was valid, and more than 120 days have passed since Wilson filed his Amended Complaint on July 3, 2013.  The Court therefore will grant Vons's Motion to Dismiss on the grounds Vons was not properly served.

### III.  MOTIONS TO AMEND

Wilson moves to amend his Amended Complaint to add Safeway and Walmart as defendants.  In deciding whether to grant leave to amend pursuant to Federal Rule of Civil Procedure 15(a)(2), the Court considers factors such as undue delay, bad faith on the part of the movant, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the amendment.  Foman v. Davis, 371 U.S. 178, 182 (1962).  A proposed amendment is futile "only if no set of facts can be proved . . . that would constitute a valid and sufficient claim."  Sweaney v. Ada Cnty., Idaho, 119 F.3d 1385, 1393 (9th Cir. 1997) (quotation omitted).  Leave to amend should be freely granted, especially with regard to pro se litigants.  Eldridge v. Block, 832 F.2d 1132, 1135 (9th Cir. 1987).

#### A.  Safeway (Doc. #22)

Wilson moves to add Safeway as a defendant, arguing Defendants Vons and Lucerne may not be capable of answering his discovery requests, and Safeway is capable of doing so.  Wilson further argues Safeway owns the ice cream plant that produced the ice cream that caused Wilson's injury, and should be liable for the damages caused.  Although counsel for Vons has not made an appearance on behalf of Safeway, Vons opposes the Motion, arguing the Court's previous dismissal of claims against Safeway was with

1  prejudice, and Wilson's claims against Safeway are therefore barred by res judicata.  Vons
2  further argues that the amendment would be futile because Wilson does not articulate any
3  changes he would make to cure the pleading deficiencies in the Amended Complaint other
4  than adding Safeway as a named defendant.  Wilson replies that Safeway should be added
5  as a defendant because it is involved in the manufacturing and distribution of the ice cream,
6  including hiring employees for its Lucerne Foods team and employees for the ice cream
7  plants that produce the ice cream.

8        The Court previously dismissed Wilson's claims against Safeway in his Amended
9  Complaint for failure to state a claim because Wilson did not allege any facts about
10 Safeway or its citizenship.  (Order (Doc. #7) at 1.)  Because the Court previously dismissed
11 Wilson's claims against Safeway, Wilson does not articulate which facts he will allege to
12 properly state a claim against Safeway, and Safeway does not need to be a defendant to
13 respond to discovery requests, Wilson's Motion to Add Safeway as a Defendant is denied.

14       **B.  Walmart (Doc. #23)**

15       Wilson moves to add Walmart as a Defendant, arguing Walmart sold the ice
16 cream that caused Wilson's injury and Walmart was negligent.  Although counsel for Vons
17 has not made an appearance on behalf of Walmart, Vons opposes the Motion, arguing that
18 Wilson's removal of Walmart as a defendant was with prejudice, and Wilson's claims
19 against Walmart are barred by res judicata.  Vons also argues that Wilson's Motion should
20 be denied because the Amended Complaint fails to state a claim against Walmart, and
21 Wilson already had an opportunity to amend and failed to do so correctly.

22       There is no indication that adding Walmart as a defendant would result in undue
23 delay, nor does Wilson appear to move to amend in bad faith.  The amendment would not
24 be futile as Wilson alleges in his Amended Complaint Walmart's role in the distribution of
25 the ice cream as well as a theory of liability against Walmart.  Vons does not indicate in its
26 Opposition that the amendment would be unduly prejudicial, only that Wilson's omission of

Walmart as a defendant in the Amended Complaint constitutes a dismissal with prejudice and that Wilson previously had an opportunity to amend.

However, Wilson's claims against Walmart were not dismissed with prejudice. Wilson did not include Walmart in the caption, and thus Walmart was not considered a party in the Amended Complaint. Although Wilson failed to heed Magistrate Judge Leen's instruction to carry forward all allegations and parties from the original Complaint, Wilson's removal of Walmart as a defendant appears to be a mistake. The Amended Complaint contains factual allegations concerning Walmart's role in Wilson's injury, and Wilson's Memorandum in Support of the Amended Complaint (Doc. #3 at 3) includes Walmart in the caption. Because it appears Wilson's failure to carry Walmart forward in his Amended Complaint was a drafting error, he should have an opportunity to amend his Amended Complaint to add Walmart. Wilson's Motion to Add Walmart as a Defendant is granted. Wilson shall have until May 28, 2014, to file his second amended complaint. Wilson is instructed to add Defendant Walmart to the caption and to include allegations about both Wilson's citizenship and Walmart's citizenship.

**IV. CONCLUSION**

IT IS THEREFORE ORDERED that Defendant The Vons Companies, Inc.'s Motion to Dismiss (Doc. #10) is hereby GRANTED. Plaintiff David Lawrence Wilson's claim against Defendant The Vons Companies, Inc. is hereby dismissed without prejudice.

IT IS FURTHER ORDERED that Plaintiff David Lawrence Wilson's Motion to Add Safeway as a Defendant (Doc. #22) is hereby DENIED.

IT IS FURTHER ORDERED that Plaintiff David Lawrence Wilson's Motion to Add Walmart as a Defendant (Doc. #23) is hereby GRANTED.

IT IS FURTHER ORDERED that if Plaintiff David Lawrence Wilson wants to add Walmart as a defendant:

1. Plaintiff shall have until **May 28, 2014,** to file his second amended complaint.

2. Plaintiff is instructed to (1) add Defendant Walmart to the caption; (2) add an allegation about Plaintiff's citizenship; and (3) add an allegation about Walmart's citizenship.

3. The second amended complaint must be a complete document in and of itself, and will supercede the First Amended Complaint in its entirety. Any allegations, parties, or requests for relief from prior documents that are not carried forward in the second amended complaint will no longer be before the Court.

4. Plaintiff is expressly cautioned that failure to timely file a second amended complaint that complies with these instructions may result in dismissal with prejudice.

DATED: April 29, 2014

_____
PHILIP M. PRO
United States District Judge

7