UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID LAWRENCE WILSON,<br><br>　　　　　　　　　　　　Plaintiff,<br>v.<br>WAL-MART STORES, INC.,<br>　　　　　　　　　　　　Defendant. | Case No. 2:13-cv-00207-RFB-PAL<br><br>ORDER<br><br>(Mot Add Defendant – Dkt. #62)<br>(Mot Modify – Dkt. #66) |

Before the court is Plaintiff's Motion to Add Wells Enterprises Inc. as a Defendant in this Matter (Dkt. #62) and Plaintiff's Motion to Modify Scheduling Order (Dkt. #66). The court has considered the Motions, Wal-Mart's Responses (Dkt. ##64, 71) and Plaintiff's Reply (Dkt. #70) which is called a Response in Opposition.

## **BACKGROUND**

### I.　**Procedural History.**

The Plaintiff, who is representing himself, submitted an application to proceed in forma pauperis (Dkt. #1). On October 17, 2013, the court screened his complaint and amended complaint and found that he had stated a claim against Defendants Lucerne Foods, Inc., and Vons Companies, Inc., and directed the clerk of the court to issue summons. *See* Order (Dkt. #5). However, the court found that Plaintiff had not stated a claim against Safeway, Inc., and Bellevue Ice Cream Plant, and recommended that the claims against them be dismissed for failure to state a claim upon which relief could be granted. The district judge affirmed the undersigned's report and recommendation in and Order (Dkt. #7) entered November 6, 2013.

Plaintiff's amended complaint claims that he was injured on February 10, 2011, when he purchased ice cream at a Wal-Mart Store in Las Vegas, Nevada. He claims that when he bit into

1

1  the ice cream, it contained a piece of metal which damaged his teeth and one tooth had to be
2  extracted.
3  　　　　The initial Discovery Plan and Scheduling Order (Dkt. #19) was entered January 3, 2014,
4  and set a May 19, 2014, deadline to complete discovery. Shortly thereafter, Plaintiff moved to
5  add Safeway and Wal-Mart as Defendants. The district judge set the matter for hearing and
6  entered a written Order (Dkt. #38) on April 29, 2014, granting Defendant Vons' motion to
7  dismiss. The order also denied Plaintiff's motion to add Safeway as a Defendant but granted his
8  motion to add Wal-Mart and gave the Plaintiff until May 28, 2014, to file an amended complaint.
9  An amended complaint was filed, and Wal-Mart filed its Answer (Dkt. #40) on July 14, 2014.
10  　　　　After Wal-Mart made its appearance, the parties submitted a proposed Discovery Plan
11  and Scheduling Order (Dkt. #59) which the court approved in an Order (Dkt. #60) entered
12  August 7, 2014. The order established a January 10, 2015, discovery cutoff, and an October 10,
13  2014, deadline to amend the pleadings and add parties.
14  　　　　**II.    The Parties' Positions.**
15  　　　　**A. The Motion to Add Wells as a Defendant (Dkt. #62).**
16  　　　　Plaintiff's motion to add Wells as a Defendant was filed January 20, 2015. The motion
17  consists of two paragraphs and states that Wells Enterprises, Inc. is a corporation organized
18  under Iowa law with its principal place of business in Iowa, and that Plaintiff was informed by
19  Wal-Mart that their Great Value ice cream was manufactured by Wells Enterprises, Inc. He
20  therefore asks to add Wells as a Defendant.
21  　　　　Wal-Mart filed an Opposition to the motion (Dkt. #64) pointing out that the deadline for
22  amending the pleadings expired October 10, 2014. Wal-Mart also points out that the motion was
23  not filed until January 20, 2015, and argues Plaintiff has not established good cause to modify
24  the court's discovery plan and scheduling order. Additionally, Wal-Mart contends that Plaintiff
25  has not been diligent in attempting to comply with the court's discovery plan and scheduling
26  order deadlines. Wal-Mart points out that its July 31, 2014, certificate of interested parties
27  specifically identified Wells Enterprises, Inc. as an interested party. Wal-Mart's counsel also
28  participated in a Rule 26(f) conference with Plaintiff on July 31, 2014, in which Plaintiff agreed

1   to the proposed scheduling order which was submitted to the court.  Plaintiff did not advise the
2   court or Wal-Mart's counsel that he needed additional time to investigate the identity of the
3   manufacturer of the ice cream or intended to add Wells as a party.  Plaintiff purchased the ice
4   cream at issue in this case on February 10, 2011, has had the Wal-Mart receipt in his possession,
5   and has had four years to discover the manufacturer of the ice cream.  He did not initiate the
6   lawsuit until February 2013.  Wal-Mart asserts that Plaintiff filed his untimely motion to amend
7   just before the deadline for filing dispositive motions to avoid a decision on the merits.  Finally,
8   Wal-Mart argues that it would be unfairly prejudiced if the motion to amend was granted
9   because it would be required to participate in additional discovery and would not receive a
10  timely ruling on its own motion for summary judgment.

11  Plaintiff's "Response in Opposition" (Dkt. #70) argues that it would be in the interest of
12  justice to allow amendment to add Wells Enterprises, Inc. as a Defendant because it is a joint
13  tortfeasor which is a necessary and/or indispensable party to this case.  Plaintiff claims that Wal-
14  Mart has been less than honest with him in responding to his discovery requests and violated
15  Rule 33B(1).  Plaintiff also contends that Wal-Mart violated its initial disclosure obligations
16  under Rule 26(a)(1).  Specifically, he claims that he should have been informed that Wal-Mart
17  did not manufacture the Great Value ice cream that contained a metal part that injured him.
18  Plaintiff believes that Wal-Mart delayed serving responses to his discovery requests because it
19  was aware of the October 10, 2014, deadline for filing a motion to amend the pleadings.  Finally,
20  Plaintiff argues that he would be prejudiced if the motion is denied because he has been denied
21  meaningful discovery.

### B. Motion to Modify (Dkt. #66)

23  Plaintiff filed the Motion to Modify Scheduling Order (Dkt. #66) on February 9, 2015,
24  the day to file dispositive motions.  The motion to modify argues that there is good cause to
25  modify the court's discovery plan and scheduling order to allow amendment of the complaint
26  because Wal-Mart did not respond to interrogatories he submitted on September 10, 2014,
27  requesting discovery of who distributed Great Value ice cream and who manufactured it until
28  October 16, 2014.  Plaintiff claims that Wal-Mart's response was the first time he had ever heard

1   of Wells Enterprises. He believes that Wal-Mart intentionally waited until the October 10, 2014,
2   deadline was past to respond to his discovery request.

3   Plaintiff attempted to communicate directly with Wells Enterprises, Inc., but was told to
4   go through the law offices of their counsel. The law offices of Phillips Spallas and Angstadt,
5   LLC reportedly informed Plaintiff that they would be able to answer any questions he had of by
6   Wells Enterprises, Inc. On October 27, 2014, he submitted an interrogatory to Wells in a
7   document he called "an informal request for information" because Wells was not a party. He
8   met with counsel for Wells on December 15, 2014, in a meet-and-confer session where it became
9   apparent that he was not going to receive an answer. As a result, he filed a motion to compel.[1]
10  On January 5, 2015, he filed a second set of interrogatories for Wells with nine additional
11  questions. He spoke with the Phillips Spallas law firm on February 4, 5 and 6, 2015, but
12  received a reply that "basically says they have no knowledge to what I'm asking about." Under
13  these circumstances, Plaintiff argues that Wal-Mart intentionally evaded and concealed the fact
14  that Wells Enterprises was the manufacturer of the ice cream and that Wal-Mart has denied him
15  meaningful discovery. He therefore believes he has shown good cause to modify the scheduling
16  order to allow a late amendment and that denial of this motion would be a manifest injustice.

17  The motion to modify attaches discovery requests and responses directed to Wal-Mart. It
18  also attaches informal requests for information Plaintiff sent to Wells Dairy and Wells
19  Enterprises, Inc., as well as a letter from counsel for Wal-Mart, Brenda Entzminger, dated
20  February 5, 2014. The letter responds to Plaintiff's request to meet and confer over interrogatory
21  responses. It informs Plaintiff that counsel was unaware that interrogatories had been served on
22  Wells, that even if discovery requests had been sent to Wells, Rule 33 did not require Wells to
23  respond as it is not a party to this action, and additionally, that the discovery requests were
24  untimely served.
25  / / /
26

---

[1] Plaintiff filed a Motion to Compel Wells to Respond to his Discovery Requests (Dkt. #63) on January 20. 2015. He filed a Motion to Withdraw the Motion to Compel (Dkt. #69) on February 20, 2015, acknowledging that Wells was not a party to this case.

4

## DISCUSSION

A party may amend a pleading once "as a matter of course" within twenty-one days after serving it. *See* Fed. R. Civ. P. 15(a)(1)(A). After that, a party may amend its pleading only by leave of the court or with the adverse party's written consent. *See* Fed. R. Civ. P. 15(a)(2). The court has discretion to grant leave and should freely do so "when justice so requires." *Id.* Notwithstanding the liberal application of Rule 15, courts may deny leave to amend if it will cause: (1) undue delay; (2) undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *See Leadsinger, Inc. v. BMG Music Publ'g,* 512 F.3d 522, 532 (9th Cir.2008).

However, "a request for leave to amend made after the entry of a Rule 16 Scheduling Order is governed primarily by Rule 16(b)," rather than Rule 15. *See Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608-09 (9th Cir.1992). Rule 16(b) and Local Rules 6-1 and 26–4 require a showing of "good cause" before modifying a scheduling order. *See Johnson,* 975 F.2d at 608-09; Fed. R. Civ. P. 16(b); LR 6-1; LR 26-4. Only if the movant establishes good cause to modify the scheduling order under Rule 16 does the court consider whether amendment is proper under Rule 15. *See Johnson,* 975 F.2d at 609.

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* (Good cause to extend a discovery deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension"). A party's carelessness cannot support a finding of diligence. *Id.* The court has broad discretion in supervising the pretrial phase of litigation. *See Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002). Although the court may consider prejudice to an opposing party, if the moving party was not diligent in seeking to modify a scheduling order, "the inquiry should end." *Coleman,* 232 F.3d at 1294-95 (citing *Johnson,* 975 F.2d at 609)).

In addition to showing good cause Plaintiff must also establish that his failure to act was the result of excusable neglect. *See* LR 26-4(a) (a request to extend a scheduling order deadline

5

1 made less than twenty-one days before expiration of that deadline must be supported by a
2 showing of excusable neglect in addition to the good cause required by LR 6-1 and Rule 16).
3 Excusable neglect exists where a party's failure to comply with a deadline was negligent. *See*
4 *Lemoge v. United States,* 587 F.3d 1188, 1195 (9th Cir.2009). There are at least four factors in
5 determining whether neglect is excusable: (1) the danger of prejudice to the opposing party; (2)
6 the length of the delay and its potential impact on the proceedings; (3) the reason for the delay;
7 and (4) whether the movant acted in good faith. *See Bateman v. U.S. Postal Serv.,* 231 F.3d
8 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship,*
9 507 U.S. 380, 395 (1993)). The determination of whether neglect is excusable is ultimately an
10 equitable one, taking account of all relevant circumstances surrounding the party's omission. *See*
11 *Pioneer,* 507 U.S. at 395. This equitable determination is left to the discretion of the district
12 court. *See Pincay v. Andrews,* 389 F.3d 853, 860 (9th Cir. 2004).

13   The court finds that both the motion to amend the complaint and the motion to amend the
14 discovery plan and scheduling order are untimely and that Plaintiff has not shown good cause or
15 excusable neglect. Both motions will therefore be denied. The motion to amend the complaint
16 was filed more than three months late under the discovery plan and scheduling order that the
17 parties agreed upon after Plaintiff was given leave to amend the complaint to add Wal-Mart as a
18 Defendant. Plaintiff has had more than sufficient time to conduct the discovery he needed to
19 learn the identity of the manufacturer of the ice cream.

20   The court has reviewed the discovery requests and other exhibits attached to the motion
21 to amend and motion to modify the scheduling order which Plaintiff submitted to support his
22 arguments that Wal-Mart denied him meaningful discovery. The first set of discovery requests
23 were served August 4, 2014, and asked information about bar codes and machines used in
24 making ice cream. The interrogatories were difficult to understand. However, Wal-Mart
25 responded to the interrogatories clearly stating that it does not manufacture Great Value ice
26 cream, did not create the bar codes that the Plaintiff referred to, and had no information on the
27 machinery used in the manufacturer's operation. The requests did not ask Wal-Mart who
28 manufactured the ice cream he purchased on the date he was injured.

Pursuant to Rule 33, Wal-Mart had 30 days from service of the discovery requests to respond and timely responded. Plaintiff served a second set of interrogatories on Wal-Mart on September 10, 2014. Interrogatory No. 2 requested the name, address and telephone number of the company responsible for manufacturing Great Value ice cream delivered to the Wal-Mart store for the time period between November 1, 2010, and February 10, 2011. Wal-Mart timely served its answers to the second set of interrogatories on October 8, 2014, and identified Wells Enterprises, Inc., d/b/a/ Wells Dairy as the manufacturer of the ice cream and provided the address and telephone number as requested.

Additionally, counsel for Wal-Mart is correct that Wells Enterprises, Inc. was identified in Wal-Mart's certificate of interested parties on July 31, 2014. *See* Amended Certificate of Interested Parties (Dkt. #57). Plaintiff was served with the certificate which contradicts his statement that he had never heard of Wells until Wal-Mart responded to his second set of interrogatories.

The court held a hearing on August 12, 2014, after Plaintiff was granted leave to amend his complaint to add Wal-Mart as a Defendant. The court heard oral arguments on Plaintiff's Motion for Oral Arguments (Dkt. #52) and Motion for Sanctions (Dkt. #53). At that time, Plaintiff was seeking sanctions against Wal-Mart for prematurely asserting an affirmative defense in the answer to the second amended complaint without citation to authority. At the hearing, the court reminded the parties of the deadlines established by the court's Discovery Plan and Scheduling Order (Dkt. #60).

The certificate of service indicates that Wal-Mart's discovery responses which identify Wells Enterprises, Inc. as the manufacturer of the ice cream were served by mail on October 8, 2014. If so, the responses would have been received shortly before the deadline for filing a motion to amend the complaint. Plaintiff does not explain why he waited until September 10, 2014, to serve Wal-Mart with the discovery request to identify the manufacturer of the ice cream. Plaintiff also does not explain why he waited more than three months after receiving Wal-Mart's answers to the interrogatory identifying Wells as the manufacturer to file his motion to amend the complaint. Granting the motion to amend and modify the discovery plan and scheduling

7

1  order to allow adding Wells as a Defendant at this late date would further delay resolution of this
2  case. Discovery would have to be reopened for the second time. Additionally, further delay
3  would prejudice Wal-Mart which has complied with the court's deadlines and timely filed a
4  motion for summary judgment on February 9, 2015, the same day Plaintiff filed his motion to
5  modify the scheduling order.

6  The motion to amend the complaint also does not comply with the requirements of LR
7  15-1 which requires a party moving to amend a pleading to attach the proposed amended
8  pleading to any motion to amend. The district judge earlier denied Plaintiff's motion to amend
9  the complaint to add Safeway as a Defendant. That motion was filed January 13, 2014 (Dkt.
10 #22), at the same time that the Plaintiff was seeking to add Wal-Mart as a Defendant. In her
11 Order (Dkt. #38), the district judge noted that the court previously dismissed Plaintiff's claims
12 against Safeway in the amended complaint for failing to state a claim because he did not allege
13 any facts about Safeway or its citizenship. Here, Plaintiff has not complied with the requirement
14 of LR 15-1 which requires attachment of a proposed amended pleading. The motion to add
15 Wells enterprises as a Defendant alleges only that it is an Iowa corporation and "liable as the
16 manufacture [sic] of the defective product."

17 "A scheduling order is not a frivolous piece of paper, idly entered, which can be
18 cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations*, 975 F.2d at
19 610 (internal citation omitted). Requiring compliance with a scheduling order does not "simply
20 exalt procedural technicalities over the merits." *Id.* As the Ninth Circuit has recognized,
21 disregarding the scheduling order undermines the court's ability to control its docket, disrupts the
22 agreed upon course of litigation, and rewards the indolent and cavalier. *Id.* Additionally, Rule
23 16 may not be short circuited by an appeal to the liberal amendment standards of Rule 15. *Id.*

24 The court finds that Plaintiff has not met his burden establishing good cause or excusable
25 neglect for failing to file the motion to amend more than three months after the deadline
26 established by the stipulated discovery plan and scheduling order. Wal-Mart disclosed the
27 identity of Wells Enterprises in its Certificate of Interested Parties on July 31, 2014. Plaintiff has
28 no explanation at all why he did not simply ask Wal-Mart who the manufacturer was in his first

8

1  discovery requests. As the Plaintiff has not met his burden, "the inquiry should end" and the
2  court need not consider whether amendment is proper under Rule 15. *See Colman*, 232 F.3d at
3  1275 (citing *Johnson*, 975 F.2d at 609); Fed. R. Civ. P. 16(b). Wal-Mart filed a timely motion
4  for summary judgment after the close of discovery and would be prejudiced by the additional
5  time and expense of reopening discovery at this late date. Finally, Plaintiff has not complied
6  with LR15-1 which requires a party moving to amend the complaint to attach the proposed
7  amended pleading to the motion.

For all of these reasons,

**IT IS ORDERED** that:

1. Plaintiff's Motion to Add Wells Enterprises, Inc. as a Defendant in this Matter (Dkt. #62) is **DENIED**.
2. Plaintiff's Motion to Modify Scheduling Order (Dkt. #66) is **DENIED**.

DATED this 4th day of March, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE