UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DAVID LAWRENCE WILSON,

    Plaintiff,

    v.

WAL-MART STORES INC.,

    Defendants.

Case No. 2:13-cv-00207-RFB-PAL

**ORDER**

## I. INTRODUCTION

In this product liability action, Plaintiff David Lawrence Wilson claims that he was injured by a piece of metal he bit into while eating ice cream he purchased from Defendant Wal-Mart Stores, Inc. ("Wal-Mart"). The case is now before the Court at the summary judgment stage. Wal-Mart argues that Wilson has produced no evidence to support his claim. Wilson argues that he has produced such evidence and also seeks to amend his complaint to add the manufacturer of the ice cream as a defendant. The Court concludes that Wilson has not established a basis for amending his complaint and has not produced any evidence of certain essential elements of his products liability claim. Therefore, and for the reasons discussed below, the Court denies Wilson's Motion to Amend Complaint, grants Wal-Mart's Motion for Summary Judgment, and orders that judgment be entered in favor of Wal-Mart.

## II. BACKGROUND

### A. Procedural History

Wilson filed his original Complaint on February 7, 2013, and has twice amended his complaint. The operative complaint in this action is Wilson's Second Amended Complaint filed

on May 12, 2014, in which he alleges two causes of action against Wal-Mart for strict product liability and loss of consortium. ECF No. 42. A Scheduling Order was entered on August 7, 2014, setting the deadline to amend pleadings at October 10, 2014 and the discovery cutoff at January 10, 2015. ECF No. 60.

On January 20, 2015, Wilson filed a Motion to Add Wells Enterprises, Inc., the manufacturer of the ice cream giving rise to this case, as a Defendant. ECF No. 62. The Honorable Peggy A. Leen, United States Magistrate Judge, denied Mr. Wilson's motion on March 4, 2015. ECF No. 74. Wal-Mart filed a Motion for Summary Judgment on February 9, 2015, and Wilson filed a Motion for Leave to File Amended Complaint on March 13, 2015. ECF No. 67, 76.

On January 27, 2016, the Court held a hearing and oral argument on several outstanding motions, including Wilson's Motion to Amend Complaint and Wal-Mart's Motion for Summary Judgment. ECF No. 85. The Court took the motions under submission and stated that it would issue a written order with its rulings. Id. On March 30, 2016, the Court denied Wilson's Motion to Amend Complaint, granted Wal-Mart's Motion for Summary Judgment, denied the remaining pending motions as moot, and stated that a written order would issue. ECF No. 87. This Order sets forth the Court's reasoning for its rulings.

**B. Facts**

The parties dispute the relevant facts in this case. In his deposition, Wilson testified to the following facts. On February 10, 2011, Wilson purchased two cartons of ice cream from Wal-Mart.[1] Two or three days later, Wilson opened one of the cartons of ice cream, which he had been keeping in the freezer in his apartment. He took a bowl from his cupboard, placed it in the freezer, and served some ice cream into the bowl. While he was eating the ice cream, he bit into a piece of metal and felt a sharp pain in one of his teeth. Wilson shared his apartment with a roommate, known by the name of Jack. There were also several other people who frequently spent time in the apartment, none of whom were present at the time. Immediately after biting into the metal, Wilson

---

[1] This fact is corroborated by Wilson's production of a receipt showing the purchase of two cartons of ice cream, paid in cash, from a Wal-Mart on February 10, 2011.

spit it out and showed it to Jack. Wilson took pictures of the metal object the day of the incident and stored the ice cream in the freezer with a sign telling others not to remove the ice cream. Wilson was subsequently incarcerated for several months. When he returned to his apartment, the ice cream carton was gone from the freezer and Jack was nowhere to be found.

Wilson produced evidence that he was seen by a dentist in March 2012, approximately one year after the subject incident. The dentist concluded that Mr. Wilson suffered broken lingual cusps on one of his teeth and that this injury could have been caused by eating or biting.

Wal-Mart does not dispute that the existence of a receipt showing that an individual purchased ice cream from one of its stores on February 10, 2011. However, Wal-Mart disputes the remainder of the facts recounted by Wilson. Specifically, Wal-Mart disputes the following facts: whether the subject ice cream was sold by Wal-Mart; whether the subject ice cream contained any metal or other defects; whether the subject ice cream had previously been opened or tampered with prior to Wilson biting into it; and whether Wilson suffered any injury from allegedly biting into the ice cream.

While the parties dispute who made the purchase of ice cream from Wal-Mart on February 10, 2011 that is reflected on the receipt in the record, they do not dispute that that ice cream was manufactured in Wells Enterprises' production facilities. The description and photographs of the metal object Wilson allegedly bit into do not match any material used in Wells' production areas or equipment used to manufacture ice cream.

### III.     LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In ruling on a motion for summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Johnson v. Poway Unified Sch. Dist., 658 F.3d 954, 960 (9th Cir. 2011).

1    Where the party seeking summary judgment does not have the ultimate burden of
2    persuasion at trial, it "has both the initial burden of production and the ultimate burden of
3    persuasion on a motion for summary judgment." Nissan Fire & Marine Ins. Co., Ltd. v. Fritz
4    Companies, Inc., 210 F.3d 1099, 1102 (9th Cir. 2000). "In order to carry its [initial] burden of
5    production, the moving party must either produce evidence negating an essential element of the
6    nonmoving party's claim or defense or show that the nonmoving party does not have enough
7    evidence of an essential element to carry its ultimate burden of persuasion at trial." Id. If it fails to
8    carry this initial burden, "the nonmoving party has no obligation to produce anything, even if the
9    nonmoving party would have the ultimate burden of persuasion at trial." Id. at 1102-03. If the
10   movant has carried its initial burden, "the nonmoving party must produce evidence to support its
11   claim or defense." Id. at 1103. In doing so, the nonmoving party "must do more than simply show
12   that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a
13   whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine
14   issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation
15   marks omitted). However, the ultimate burden of persuasion on a motion for summary judgment
16   rests with the moving party, who must convince the court that no genuine issue of material fact
17   exists. Nissan Fire, 210 F.3d at 1102.

**IV.   DISCUSSION**

After reviewing the parties' briefs and exhibits, the Court concludes that Wilson's Motion to Amend Complaint must be denied because he has not shown any basis for reconsideration of Judge Leen's Order denying his earlier motion. The Court also concludes that Wal-Mart's Motion for Summary Judgment must be granted. Wilson has not produced any evidence establishing the material elements of his claims.

. . .

. . .

. . .

### A. Wilson's Motion to Amend Complaint

#### *1. Applicable law*

Wilson filed a Motion to Amend Complaint approximately one week after Judge Leen issued an Order denying his earlier motion to add Wells Enterprises as a defendant. ECF Nos. 74, 76. In his Motion to Amend, Wilson reasserts the same arguments he made in his earlier motion that was denied by Judge Leen. Therefore, the Court construes Wilson's motion as a request for reconsideration of Judge Leen's ruling. See Andersen v. United States, 298 F.3d 804, 807 (9th Cir. 2002) ("The substance of the motion, not its form, controls its disposition.").

A district judge may reconsider any pretrial order of a magistrate judge if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). "A finding is clearly erroneous when[,] although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for So. Cal., 508 U.S. 602, 622 (1993) (internal quotation marks omitted). The district judge "may affirm, reverse, or modify" the ruling of the magistrate judge, or remand the ruling to the magistrate judge with instructions. D. Nev. R. IB 3-2.

#### *2. Wilson's Motion to Amend Complaint Is Denied*

After review of Wilson's motion and supporting documents, the Court does not find that Judge Leen's order was clearly erroneous or contrary to law.

In her Order, Judge Leen found that Wilson's requests to amend his complaint and to amend the scheduling order were untimely and that Wilson had not shown good cause or excusable neglect that would warrant granting the untimely requests. Judge Leen also found that Wal-Mart timely and appropriately responded to the interrogatories propounded to it by Wilson and that Wal-Mart served Wilson with a Certificate of Interested Parties identifying Wells Enterprises as an interested party several months before the expiration of the deadline to amend pleadings. In addition, Judge Leen found that Wilson had not adequately explained why he waited until September 10, 2014 to serve Wal-Mart with a discovery request to identify the manufacturer of the ice cream listed on the receipt, or why he waited more than three months to move to amend his complaint after he received Wal-Mart's answer to that request in October 2014 identifying Wells

Enterprises as the manufacturer of that ice cream. Finally, Judge Leen found that granting the motion to amend and to modify the scheduling order would prejudice Wal-Mart and that Wilson's motion did not comply with the local rule requiring the proposed amended pleading to be attached to such motions.

Judge Leen's Order shows that she clearly stated sufficient reasons for finding that Wilson had not demonstrated the good cause or excusable neglect required for his motion to be granted. Mr. Wilson does not present any additional evidence or legal authority to show that Judge Leen committed a mistake or issued a ruling that was contrary to law. The only new argument he makes is that he never received Wal-Mart's Certificate of Interested Parties and that therefore he had never heard of Wells Enterprises until October 16, 2014, when he received Wal-Mart's responses to his second set of interrogatories. The Court finds this unsworn statement to be insufficient to demonstrate that Judge Leen committed clear error in finding that Wilson was served with the Certificate of Interested Parties. Moreover, even if the Court were to credit Wilson's claim that he never received the Certificate of Interested Parties, the Court still would deny Wilson's motion. Even assuming that Wilson never knew of the existence of Wells Enterprises until October 16, 2014 (the date he received Wal-Mart's answer to his interrogatory identifying Wells Enterprises as the ice cream manufacturer), the Court concurs with Judge Leen's finding that Wilson has not shown good cause or excusable neglect for waiting for over three months after that date to file his motion to amend the complaint.

The remainder of Wilson's arguments and evidence in support of his Motion to Amend (which the Court construes as a motion for reconsideration) are merely restatements of what was argued and presented before Judge Leen. Because the Court finds that Judge Leen's ruling that Wilson did not meet his burden of showing good cause or excusable neglect was not clearly erroneous or contrary to law, this motion is denied.

**B.  Wal-Mart's Motion for Summary Judgment**

The Court now turns to Wal-Mart's Motion for Summary Judgment. After reviewing the briefs filed in connection with this motion and the evidence in the record, the Court grants

1  summary judgment in favor of Wal-Mart on both of Wilson's claims. The Court notes that Wilson
2  withdrew his claim for loss of consortium at the hearing held on January 27, 2016. Therefore, the
3  Court only provides its analysis of Wilson's strict product liability claim.

### 1. *Strict Product Liability*

In its motion, Wal-Mart argues that Wilson cannot produce any evidence to support any of the elements of his strict product liability claim. To establish such a claim, the plaintiff must show three things: (1) the product had a defect rendering it unreasonably dangerous; (2) the defect existed at the time it left the defendant's control; and (3) the defect caused the plaintiff's injury. Fyssakis v. Knight Equipment Corp., 826 P.2d 570, 571 (Nev. 1992). The Court finds that Wilson has produced no evidence to establish the second and third elements of his product liability claim.

Wilson has produced evidence of the first element (the existence of a defect rendering the product unreasonably dangerous). Wilson testified in his deposition that he purchased ice cream from Wal-Mart and put it in his freezer without opening it. He also testified that two or three days later, he opened the ice cream for the first time, served some into a bowl, and bit into a metal object. Wal-Mart argues that Wilson has not ruled out other potential causes for the metal object being in his bowl—for example, the other people that were in his apartment or the possibility that the metal was already in the bowl when he served the ice cream into it. However, Wilson need not rule out all other potential sources of the defect at this stage; it is enough that he produced evidence from which a reasonable jury could find that the ice cream carton contained a metal object and that this rendered the product unreasonably dangerous.

However, Wilson has presented no evidence in support of the second or third elements of his claim. Wilson has not produced any evidence that Wal-Mart sold the allegedly defective ice cream, let alone that this defect existed at the time it left Wal-Mart's control. The only evidence that might link Wal-Mart to the allegedly defective ice cream (other than Wilson's statement) is a receipt showing that *someone* purchased ice cream from Wal-Mart on February 10, 2011. The receipt shows that the purchase was made in cash and lists no identifying information of the purchaser. While the fact that Wilson was able to produce the receipt supports his claim that he was the purchaser, he has produced no evidence corroborating his allegation that the ice cream he

bit into was from the same carton of ice cream he purchased two or three days earlier. Wilson did not preserve or photograph the subject ice cream carton to show that it was, in fact, ice cream that was sold at Wal-Mart stores.

Wilson's deposition testimony is not sufficient to create a genuine dispute of fact on this point. Although Wilson testified that remembered purchasing the ice cream at Wal-Mart, this statement lacks any supporting facts or corroborating evidence and is contradicted by other parts of his testimony. For example, Wilson testified that he originally brought this suit against Vons and Lucerne Foods because he thought the ice cream had come from those entities. He also testified that he sometimes shopped at 7-Eleven in addition to Wal-Mart during the time period in question. Further, Wilson has not produced any evidence from a witness—such as his roommate Jack or one of the other people with access to his apartment—who could verify that the ice cream came from a Wal-Mart store or was a brand sold by Wal-Mart. In addition, Wilson provided testimony that the ice cream was in his freezer for two to three days before he opened it to serve himself the ice cream and that Jack and multiple other people had access to the freezer. This testimony reinforces Wal-Mart's argument that Wilson has not shown the existence of any alleged defect at the time the ice cream left Wal-Mart's control. Wilson's statements to the contrary in his deposition are not sufficient to create a genuine issue of material fact. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002) (stating that the Ninth Circuit "has refused to find a genuine issue where the only evidence presented is uncorroborated and self-serving testimony") (internal quotation marks omitted); F.T.C. v. Publ'g Clearing House, Inc., 104 F.3d 1168, 1171 (9th Cir. 1997), as amended (Apr. 11, 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact."). Therefore, Wilson has not produced evidence from which a jury could reasonably conclude that Wal-Mart ever had control of the subject ice cream or, if it did, that the defect existed at the time the ice cream left Wal-Mart's control.

Wilson also has not produced sufficient evidence from which a jury could conclude that he was injured on the date in question or that the alleged defect caused his injuries. Although Wilson alleges that biting into the metal caused one of his teeth to crack, he has presented no witness

statements, medical records, or other documentary evidence supporting the assertion that he suffered an injury to his teeth on or around the date of the incident. Wilson also has produced no evidence to corroborate his testimony that the metal *caused* the injury to his tooth. For example, Wilson has produced no photographs or statements from any time period close to the incident date that would corroborate that he suffered an injury to his teeth at that time. The only evidence Wilson presents to corroborate his own statement are two dentist reports indicating that he has problems with his teeth that *could have* been caused by biting into metal. Assuming that these documents would be admissible, the Court finds that they do not establish a genuine issue of material fact as to causation. One dentist report is dated more than a year after the alleged incident, while the other is dated more than three years after the incident. Based on this record, the Court finds that Wilson has not produced any evidence from which a reasonable jury could find (a) that he suffered an injury on the date of the subject incident, or (b) that the alleged defect in the ice cream caused that injury. See Scott v. Harris, 550 U.S. 372, 380 (2007) ("Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." (alteration in original) (internal quotation marks omitted).

### V.     CONCLUSION

For the reasons discussed above,

**IT IS ORDERED** that Plaintiff David Lawrence Wilson's Motion to Amend Complaint (ECF No. 76) is DENIED.

**IT IS FURTHER ORDERED** that Defendant Wal-Mart Stores, Inc.'s Motion for Summary Judgment (ECF No. 67) is GRANTED.

. . .

. . .

. . .

. . .

. . .

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Respond (ECF No. 79) and Defendant's Motion to Strike (ECF No. 82) are DENIED AS MOOT.

The Clerk of Court is instructed to enter judgment in favor of Defendant and close this case.

DATED: April 19, 2016.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**